SHEET METAL WORKERS' NATIONAL PENSION FUND, *ET AL*,

Plaintiffs,

VERSUS

USA ROOFING COMPANY CORP., *ET AL*,

Defendants.

———————————

**Summary Order**

**NOT FOR PUBLICATION**

———————————

**RAMON E. REYES, JR., U.S.M.J.**:

Before the Court is plaintiffs' motion for $11,144.88 in attorney's fees and costs following a settlement reached in principle. (Dkt. No. 24). For the reasons which follow, the motion is granted in part.

For the sake of brevity I will dispense with a recitation of the facts and law, both of which are not in serious dispute. The only legal issue on which the parties have a disagreement is defendants' contention that plaintiffs are not entitled to attorney's fees pursuant to 29 U.S.C. § 11329(g)(2) because no "judgment in favor of the plan" has or will be awarded. While it may be true that no judgment will be entered, as opposed to a simple stipulation of discontinuance, the Funds are entitled to attorney's fees pursuant to the terms of the relevant collective bargaining agreements. Defendants offer no rebuttal on this point (Dkt. No. 25), and the Court will grant the motion on that basis.

While not taking "issue with the background and experience of the Plaintiffs' counsel," defendants challenge the reasonableness of the fee request. Defendants argue that an attorney's fees request representing "more than 456% of the contributions deemed to be outstanding" (*id.* at 4)" is not reasonable. I agree, however for a different reason.[1] In analyzing the contemporaneous time records, I find many entries for inappropriately or excessively billed items. For example, a total of 3.8 hours at a cost of $1,125 was billed prior to November 19, 2014, at which point the parties had already agreed to settle the matter for $3,816.26, including $1,875 in

———

[1] The reasonableness of a fee request is not measured solely by its relation to the amount of the settlement.

attorney's fees, which defendants have already paid. (Dkt. No. 25-1, 25-2). By seeking fees for time billed prior thereto, plaintiffs are "double dipping." Similarly, plaintiffs' counsel repeatedly bills excessive amounts of time for "[r]eview docket" or "review file", including for example an April 9, 2015 entry of .4 hours (24 minutes) for "[r]eview & docket Magistrate Judge Reyes' scheduling order." (Dkt. No. 24-1). The scheduling order counsel presumably reviewed and "docketed" is merely a three sentence ECF entry rescheduling the initial conference. The Court cannot fathom how it could take 24 minutes to complete such a modest task.[2] Another questionable entry can be found on May 14, 2015, where counsel bills 3.8 hours for, inter alia, attendance at a pretrial conference, for a total of $855. The conference lasted far less than 3.8 hours, and while travel may be billed, it cannot be billed at the full hourly rate. Other entries are similarly problematic.

A plaintiff bears "the burden of establishing entitlement to an award" of attorney's fees and costs, as well as the burden to submit sufficient documentation in support of hours worked. *Fox v. Vice,* 131 S.Ct. 2205, 2216, (2011); *Hugee v. Kimso Apartments, LLC,* 852 F. Supp. 2d 281, 298 (E.D.N.Y. 2012) (citation omitted). In reviewing an application for attorney's fees, courts need not accept the role of accountants and the determination of attorney's fees should not result in full blown litigation. *Fox,* 131 S.Ct. at 2216. Indeed, "[t]he essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Id*. When faced with a deficient fee application, a court is not required to "set forth item-by-item findings concerning what may be countless objections to individual billing items." *Lunday v. City of Albany,* 42 F. 3d 131, 134 (2d Cir. 1994); *see also Daiwa Special Asset Corp. v. Desnick,* No. 00-CV-3856, 2002 WL 31767817, at *5 (S.D.N.Y. Dec. 3, 2002) (reducing fee award by 50% due in part to excessive billing). Instead, a court may exercise its discretion and apply an "across-the-board" percentage cut "as a practical means of trimming fat from a fee application." *Carey,* 711 F. 2d at 1146; *see also McDonald ex rel Prendergast v. Pension Plan of the NYSA–ILA Pension Trust Fund,* 450 F. 3d 91, 96 (2d Cir. 2006). Here, the Court will apply a 67% reduction in the fee request: $10,950 x .33 = $3613.50. The request for $194.88 in costs is reasonable.

Accordingly, defendants shall promptly pay to plaintiffs $3808.88 in attorney's fees and costs.

The parties are directed to file a stipulation of discontinuance within thirty days.

SO ORDERED.

*Ramon E. Reyes, Jr.*
United States Magistrate Judge

Dated: March 29, 2016
      Brooklyn, NY

---

[2] *See also, e.g.*, May 7, 2015 entry of .4 hours for "Review & docket Magistrate Judge Reyes' Scheduling Order."